```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF TEXAS
           SAN ANTONIO DIVISION
```

FILED

JUL 05 2000

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
                 DEPUTY CLERK

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § | |
| Plaintiff, | § | CIVIL ACTION NO. |
| | § | SA-00-CA-0352 FB |
| V. | § | |
| | § | |
| H.E. BUTT GROCERY COMPANY | § | |
| Defendant | § | |

## CONSENT DECREE

A.   The parties to this Consent Decree are the Plaintiff, United States Equal Employment Opportunity Commission ("EEOC"), and the Defendant, H.E. Butt Grocery Company "(H-E-B"). This lawsuit was initiated by the EEOC on March 22, 2000, under the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA").

B.   The EEOC and H-E-B wish to settle this action, without the necessity of further litigation, pursuant to the terms delineated in this Consent Decree. Neither H-E-B's consent to the entry of this Consent Decree, nor any terms set forth in it, shall constitute or be construed as H-E-B's admission of any violation of or liability under the ADEA.

C.   As used herein, records and/or documents shall mean and include all correspondence, computer records, memoranda, reports, notes, lists, letters, applications, resumes, advertisements and brochures that are used by H-E-B to recruit, interview, screen, select and/or hire individuals to fill Store Management Trainee or School of Retail Leadership positions during the term of this Consent Decree.

633692.1/09908932                               1



IT IS ORDERED, ADJUDGED AND DECREED as follows:

1. This Court has jurisdiction of the subject matter of this action and the parties acknowledge that venue is proper.

2. This Consent Decree resolves all issues raised by the EEOC in the present lawsuit with regard to H-E-B's recruiting, screening, interviewing, selecting and/or hiring individuals for Store Management Trainee positions between September 1, 1996 and January 1, 1997. Exhibit "A" is a list of age-protected individuals, agreed upon by the EEOC and H-E-B, who were not then employed by H-E-B and who applied for a Store Management Trainee position between September 1, 1996 and January 1, 1997. The monetary and affirmative relief agreed to herein are made in full and final settlement of the ADEA hiring discrimination claims asserted by the EEOC on behalf of the individuals listed in Exhibit A.

3. Nothing contained in this Consent Decree will prohibit the EEOC from accepting and/or processing charges of age discrimination filed by or on behalf of persons age 40 years of age and older (hereinafter "age-protected individuals") who apply and are not selected for a Store Management Trainee position after January 1, 1997. Nothing contained in this paragraph shall prohibit the EEOC from applying to the Court for enforcement of any provision of this Consent Decree (as provided in paragraph 8 below) which the EEOC believes has been violated by H-E-B with respect to any such charges.

4. The duration of this Consent Decree shall be three years from the date of entry by the Court. This Court shall retain jurisdiction of this action during the term of this Consent Decree and for one hundred thirty-five (135) days after H-E-B submits the third and final annual audit report required under Paragraph No. 8 to the EEOC. Provided, however, that if the EEOC timely files with

the Court a petition for enforcement of this Consent Decree under paragraph 8 hereof which asserts that H-E-B has violated this Consent Decree in the third year thereof, then the Court shall retain jurisdiction of this action until such petition for enforcement is resolved or ruled upon by the Court.

5. During the three-year term of the Consent Decree, H-E-B agrees that it will not discriminate against persons covered by the ADEA with regard to recruiting, interviewing, selecting and/or hiring individuals to fill Store Management Trainee or School of Retail Leadership positions.

6. H-E-B shall post a notice regarding its policies, practices, and intent to comply with the ADEA in each location where H-E-B customarily posts employee notices at each of its stores. A notice complying with the Consolidated EEO Poster (EEOC-P/E-1) shall serve as an adequate posting. The Notice which shall be posted within 10 business days of the entry of the Consent Decree and shall remain posted for the duration of this Consent Decree.

7. Within 180 days of the entry of this Consent Decree, labor and employment attorney(s) of Fulbright & Jaworski L.L.P. ("H-E-B's legal counsel"), shall provide a minimum of two (2) hours of EEO training to H-E-B's Human Resource personnel and other employees who are directly involved in the recruiting, screening, interviewing, selecting and/or hiring of external individuals to fill Store Management Trainee or School of Retail Leadership positions. The training will include the ADEA's prohibition against discrimination on the basis of age and cover H-E-B's non-discriminatory criteria for offering a first interview to applicants for Store Management Trainee or School of Retail Leadership positions. The training shall be completed within 180 days after the entry of the Consent Decree. Thereafter, H-E-B's legal counsel will conduct similar EEO training sessions once per year (for a total of 2 additional training sessions) during the term of this Consent Decree. Within 10 days after the initial and each annual training program, H-E-B shall provide the

EEOC with written confirmation that the training has been completed and a copy of the training syllabus and materials. H-E-B shall maintain a list of individuals, identified by name and title/position, who attended this training and date of attendance. The attendance records will be available for inspection by the EEOC for 30 days after it receives confirmation of the initial and annual training programs.

8.  Within 45 days after the first, second and third anniversary dates of the entry of this Consent Decree, H-E-B shall conduct an annual audit for the previous 12-month period ("the audit period") and prepare a written report to the EEOC stating the total number of age-protected and non-age protected individuals who applied for employment in a Store Management Trainee or School of Retail Leadership position and during the audit period: (i) were interviewed for Store Management Trainee or School of Retail Leadership positions; and (ii) were externally hired to fill Store Management Trainee or School of Retail Leadership positions in the San Antonio metropolitan area. The written report shall also state for the audit period: (i) the percentages of Store Management Trainees or School of Retail Leadership students hired who are within and outside of the protected age group under the ADEA; and (ii) the percentages of such external applicants who are within and outside of the protected age group. The parties acknowledge that H-E-B will request voluntary disclosure of age/date of birth data from Store Management Trainee or School of Retail Leadership applicants for the limited purpose of assembling and reporting audit data to the EEOC as provided herein. The parties agree that H-E-B's submission of incomplete age/date of birth data to the EEOC due to withholding of such data by any applicant for the Store Management Trainee or School of Retail Leadership position shall not constitute a violation of this Consent Decree by H-E-B.

The EEOC shall have 45 days from receipt of each audit report in which to inspect the records and documents reviewed or relied upon by H-E-B in compiling the annual audit report. If, after reviewing H-E-B's audit report and H-E-B's records and documents regarding the recruiting, screening, interviewing, selection and/or hiring process for the Store Management Trainee or School of Retail Leadership position during the audit period, the EEOC believes that H-E-B has violated any provision of the Consent Decree, it shall notify H-E-B's legal counsel in writing of the alleged violation and the factual and legal basis for the EEOC's belief that such a violation has occurred. If the parties cannot agree regarding the alleged violation, the EEOC may apply to the Court for enforcement of the provision of the Consent Decree alleged to have been violated by H-E-B.

9.   H-E-B shall pay a pro rata amount to each individual identified on Exhibit "A" who provides proof that they were in the protected age group at the time they applied for the Store Management Trainee position and signs a waiver of individual rights under the ADEA with regard to issues alleged in Civil Action No. SA00CA0352FB (the "Waiver"), a copy of which is attached hereto as Exhibit "B", for a total payment of $70,000.00 (the "Funds"). A Form 1099 will be filed with the Internal Revenue Service for each recipient who receives a payment. Within 10 days after entry of this Consent Decree, H-E-B will mail a Waiver to each individual identified in Exhibit "A". The individuals shall have 21 days from mailing by H-E-B to sign the Waiver and deliver it to H-E-B. H-E-B will provide the EEOC with copies of the signed Waivers. H-E-B will mail payment to all individuals who timely sign a Waiver within 15 days after the Waiver is received. A copy of each payment check shall be provided to the EEOC. Any returned checks shall be mailed by H-E-B within 10 days to the forwarding address provided by the U.S. Postal Service.

With regard to funds not successfully delivered to class members (hereinafter the "Residual Amount") whether through failure to execute the Waiver, or the check not being cashed within 35 days from mailing by H-E-B, H-E-B shall, after 35 days after mailing, donate such amounts to the United Way of San Antonio pursuant to this Consent Decree with a designation for seniors programs.

10.  For each year during the three-year term of this Consent Decree, H-E-B shall have a goal of hiring a percentage of age-protected individuals from the available applicant pool of age-protected individuals commensurate with the percentage of non-age-protected individuals hired from the available applicant pool of non-age-protected individuals to fill available Store Management Trainee or School of Retail Leadership positions. The definition of "commensurate" is contained in Exhibit C. If HEB fails to meet any annual hiring goal, the EEOC shall review H-E-B's compliance with its obligations under the Consent Decree in order to determine whether H-E-B has violated the Consent Decree. Good faith efforts by H-E-B will be considered by the EEOC before it concludes that failure to meet the hiring goals violates this Consent Decree. If H-E-B has acted in good faith in the hiring process for the Store Management Trainee or School of Retail Leadership positions but, in spite of its good faith efforts, has not attained the hiring goal of a commensurate percentage of qualified age-protected persons, then H-E-B will be excused from such non-compliance and shall not be deemed in violation of this section of the Consent Decree. If, however, the EEOC contends that H-E-B has violated this provision of the Consent Decree, the parties shall follow the procedure set out in paragraph 8 above for enforcement of the Consent Decree.

11.  Nothing in this Consent Decree shall be construed in any way to require H-E-B to recruit, hire, train or promote persons who do not meet the qualification standards established by H-

E-B. Nothing in this Consent Decree shall constitute a quota or otherwise require H-E-B to grant a preference to any particular age-protected individual.

12. Nothing in this Consent Decree is intended to confer upon any persons or entity other than the EEOC the right to seek enforcement of this Consent Decree and/or any of the terms contained herein.

13. All documents required to be forwarded to the parties or their counsel shall be mailed, delivered or faxed to the parties and counsel at the following addresses:

| TO THE EEOC: | TO H-E-B LEGAL COUNSEL: |
|---|---|
| Robert B. Harwin<br>Regional Attorney<br>R. Chris Pittard<br>Trial Attorney<br>Equal Employment Opportunity Commission<br>San Antonio District Office<br>5410 Fredericksburg Road, Suite 200<br>San Antonio, Texas 78229-3555<br>Telephone: (210) 281-7643 or 7673<br>Facsimile: (210) 281-7669 | Xavier Rodriguez<br>Attorney-in-Charge<br>Lucie Frost Webb<br>Fulbright & Jaworski L.L.P.<br>300 Convent Street, Suite 2200<br>San Antonio, Texas 78205<br>Telephone: (210) 224-5575<br>Facsimile: (210) 270-7205 |

14. The parties to this Consent Decree shall bear their own costs and attorneys' fees incurred in this action as of the date of the Consent Decree, and in any subsequent action for enforcement of this Consent Decree.

SO ORDERED.

Signed this _5_ day of _July_, 2000.

HONORABLE FRED BIERY
UNITED STATES DISTRICT JUDGE

633692.1/09908932                    7

**AGREED:**

*/s/ Xavier Rodriguez*

XAVIER RODRIGUEZ
State Bar No. 17148890
LUCIE FROST WEBB
State Bar No. 21031280
Fulbright & Jaworski L.L.P.
300 Convent Street, Suite 2200
San Antonio, TX 78205-3792
Telephone: (210) 224-5575
Facsimile: (210) 270-7205
Attorneys for Defendant


C. GREGORY STEWART
General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*/s/ Robert B. Harwin*

ROBERT B. HARWIN
State Bar No. 076083
Regional Attorney
(District of Columbia)

*/s/ Robert B. Harwin* w/ permission

LINDA GUTIERREZ
State Bar No. 08642750
Supervisory Trial Attorney

*/s/ R. Chris Pittard*

R. CHRIS PITTARD
State Bar No. 00794465
Trial Attorney
Equal Employment Opportunity Commission
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229
Telephone: (210) 281-7673 or 281-7643
Facsimile: (210) 281-7669
Attorneys for Plaintiff

# EXHIBIT A

## EXHIBIT A

On July 5, 2000, H-E-B will send written notice (which was approved by the EEOC) regarding settlement of this lawsuit to individuals whom the EEOC and H-E-B identified as potential class members. The notice requested that individuals desiring to participate in the settlement provide written confirmation and proof of age at the time of their application for the Store Management Trainee position. The deadline for potential class members to respond to the notice is July 28, 2000. Accordingly, the parties shall file Exhibit A to the Consent Decree on August 4, 2000.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | § § | |
| Plaintiff, | § § | CIVIL ACTION NO. SA-00-CA-0352 FB |
| V. | § § | |
| H.E. BUTT GROCERY COMPANY Defendant | § § § | |

## WAIVER AND RELEASE AGREEMENT

NOTE:   THIS AGREEMENT IS A LEGAL DOCUMENT. YOU ARE ADVISED TO CONSULT AN ATTORNEY BEFORE SIGNING IT. YOU MAY TAKE AT LEAST TWENTY-ONE (21) DAYS TO CONSIDER THE AGREEMENT.

1.   **CONSIDERATION**

I, _____, in consideration of the sum of $_____ and other good and valuable consideration, of which I acknowledge receipt, make the following agreements and RELEASE AND FOREVER DISCHARGE the persons and organizations specified in paragraph 2 below. I acknowledge that the consideration is in addition to anything of value to which I am already entitled. This release and these agreements are on behalf of myself, my heirs, executors, administrators, legal representatives, successors and assigns.

2.   **PERSONS AND ORGANIZATIONS RELEASED**

I release H.E. Butt Grocery Company, any parent, subsidiary or otherwise affiliated companies, successors and assigns, and all of their past, present and future officers, directors, agents,

administrators, trustees, insurers, successors and employees. Collectively, these persons and organizations are referred to in this Waiver and Release Agreement as "the Company".

**3.   MATTERS RELEASED**

I hereby release the Company from any and all claims of age discrimination that I may have under the Age Discrimination in Employment Act, as amended (except any claims arising after the date of this agreement), including the claims raised by the Equal Employment Opportunity Commission ("EEOC") in Civil Action No. SA-00-CA-0352 FB, pending in the United States District Court, for the Western District of Texas, San Antonio Division. This Release shall apply to any and all acts or omissions of H-E-B occurring on or before the date that I sign this Release which arise from or relate to (1) my application for employment with H-E-B for a Store Management Trainee position, (2) my non-selection for the Store Management Trainee position, (3) all of the allegations raised in the pleadings and papers on file in Civil Action No. SA-00-CA-0352 FB, and (4) the claim that a class of persons was not selected for the Store Management Trainee position because of their age.

**4.   NONADMISSION OF LIABILITY**

The payment of the consideration referenced in paragraph 1 above is not to be understood as an admission of wrongdoing or liability by the Company, which has been denied.

**5.   CONSULTATION WITH AN ATTORNEY; UNDERSTANDING OF AGREEMENT**

I have been advised in writing to consult with an attorney. I understand the terms and conditions of this agreement, agree to abide by it, and voluntarily execute it without any reservation.

**6.   TIME TO CONSIDER, TIME TO REVOKE**

I have been offered at least twenty-one (21) days to consider whether to execute this document. I understand that my release of claims under the Age Discrimination in Employment Act may be revoked within seven (7) days after my execution of this agreement, and the release of any claims under that Act shall not become effective until the revocation period has expired.

7.  **DEADLINE TO RECEIVE PAYMENT**

I understand that to receive the settlement amount referenced in paragraph 1(which is estimated to be $700.00, depending on the number of individuals who sign and return this Waiver and Release Agreement), I must provide proof that I was 40 years or older between September 1, 1996 and January 1, 1997 and sign and deliver this Waiver and Release Agreement to H-E-B, c/o Fulbright & Jaworski L.L.P., 300 Convent, Suite 2200, San Antonio, Texas 78205 by _____ _____, 2000. If I do not provide proof of my age and sign and deliver this Waiver and Release Agreement by this deadline, I shall be ineligible for any settlement amount and the offer set forth in this Waiver and Release Agreement shall automatically become null and void.

8.  **LIABILITY FOR TAX CONSEQUENCES**

I understand that I am responsible for the tax consequences, if any, resulting from my receipt of any settlement funds. I understand that H-E-B will issue an IRS Form 1099 to me for any settlement funds that I receive. I understand that H-E-B encourages me to consult with my personal tax advisor regarding any settlement amount.

9.  **CONFIDENTIALITY**

I agree to maintain this Release in confidence and not to disclose it to any other person or organization except my spouse, attorney, tax advisor or as required by law. Prior to discussing this

Release with any third party, I agree to notify them of this confidentiality obligation and direct them to also maintain this Release in confidence.

## 10. NON-ASSIGNMENT

I represent that I have not assigned, pledged, sold, transferred, or otherwise conveyed any right, claim or interest that I may have in any matters released herein.

## 11. GOVERNING LAW

The validity, construction, interpretation, and administration of this Waiver and Release Agreement shall be controlled and governed by the substantive laws of the State of Texas.

## 12. ENTIRE AGREEMENT

I agree that this Waiver and Release Agreement constitutes the entire agreement, covenant and consideration between me and the Company. I do not rely upon any other consideration, covenant, promise or agreement not contained in this document for the covenants made in this document. I understand all of the terms and provisions of this Waiver and Release Agreement.

SIGNED _____, 2000.

By_____
[Name]

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF _____ | § |

    BEFORE ME, the undersigned authority, on this day personally appeared _____, known by me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that [he/she] executed the same for the purposes and consideration therein expressed.

    SUBSCRIBED AND SWORN TO before me on _____, 2000.

    (SEAL)

                                             _____
                                                     Notary Public in and for
                                                        The State of Texas

                                             _____
                                                      Printed Name of Notary

                                           My Commission Expires:_____

## ACKNOWLEDGMENT OF DECISION NOT TO REVOKE

At least seven (7) days have passed since I signed the foregoing agreement. I do not wish to revoke the agreement. I acknowledge receipt of the consideration described in the agreement.

 EXECUTED this _____ day of _____, 2000.


                _____
                        [Name]


THE STATE OF TEXAS   §
               §
COUNTY OF _____ §

 BEFORE ME, the undersigned authority, on this day personally appeared _____, known by me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that [he/she] executed the same for the purposes and consideration therein expressed.

 SUBSCRIBED AND SWORN TO before me on _____, 2000.

 (SEAL)

                _____
                  Notary Public in and for
                  The State of Texas


                _____
                  Printed Name of Notary

                My Commission Expires:_____

# EXHIBIT C

## EXHIBIT "C"

The term "commensurate" in this context means that the percentage of age-protected individuals hired for Store Management Trainee positions must be within 4/5ths or eighty percent (80%) of the percentage of non-age-protected individuals hired. As an example, if the percentage of non-age-protected individuals hired for Store Management Trainee positions is 4% of the available applicant pool of non-age-protected individuals, then the hiring goal for age-protected individuals from the available applicant pool of age-protected individuals would be 3.2% or greater.